UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Eduardo U. Martinez, | ) | C/A No. 8:25-cv-3537-MGL-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Federal Prison Camp, | ) | |
| *Edgefield, South Carolina*, | ) | |
| | ) | |
| Respondent. | ) | |

Eduardo U. Martinez ("Petitioner") is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Petitioner is presently incarcerated at the Edgefield Federal Correctional Institution ("Edgefield FCI"). Proceeding *pro se*, Petitioner filed this action under 28 U.S.C. § 2241, petitioning the Court for a writ of habeas corpus. ECF Nos. 1; 1-2. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district court. Pending before the Court is Petitioner's Emergency Motion for Injunctive Relief (the "Motion").[1] ECF No. 2. For the reasons below, Petitioner's Motion should be denied.

---

[1] Concurrently with this Report and Recommendation, the Court has issued a Proper Form Order, directing Petitioner to pay the applicable filing fee or file a motion for leave to proceed *in forma pauperis*. If Petitioner brings the case into proper form, further evaluation will be conducted in accordance with 28 U.S.C. § 1915 to determine whether the Petition should be authorized for service.

1

**BACKGROUND**

**The Petition**

Petitioner brings this action seeking to compel the BOP to apply First Step Act ("FSA") credits to his sentence.[2]  ECF Nos. 1; 1-2.  Petitioner alleges he was sentenced on March 3, 2023, in the United States District Court for the Southern District of Florida, at case number 22-cr-20137.  ECF No. 1 at 1.  Petitioner contends he lost his FSA credits and lost the ability to be placed in a halfway house without a disciplinary hearing.  *Id.* at 2.  Petitioner contends he was never found guilty by a Disciplinary Hearing Officer ("DHO"), but he was punished in March 2025 as if he had been convicted.  *Id*.  For his relief, Petitioner asks the Court to restore his placement in a halfway house under the Second Chance Act and his FSA credits.  *Id*. at 7.

**The Motion**

Petitioner has filed a Motion requesting the Court to issue a preliminary injunction "to prevent further harm while his Petition under 28 U.S.C. § 2241 is being adjudicated."  ECF No. 2 at 1.  Petitioner contends his projected release date is October 23, 2025, that he became eligible for home detention on May 22, 2025, and that he is eligible for conditional release under the FSA on July 25, 2025.  *Id*.  According to Plaintiff, on February 19, 2025, he "attempted to comply with his transportation instructions, but due to an error by his family in booking an airline ticket for

---

[2] The FSA initiated a system that allows eligible prisoners to earn time credits for successfully completing "evidence-based recidivism reduction programming."  18 U.S.C. § 3632(d)(4)(A).  Specifically, a prisoner will "earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities."  18 U.S.C. § 3632(d)(4)(A)(i).  Additionally, a prisoner, who is determined "to be at a minimum or low risk for recidivating," may "earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," if he has not increased his risk of recidivism over two consecutive assessments.  18 U.S.C. § 3632(d)(4)(A)(ii).

April 19 instead of February 19, he was returned to the facility after voluntarily contacting airport security to correct the mistake." *Id*. Petitioner was then held in the "SHU" for 23 days and subsequently lost all of his accumulated FSA credits and his opportunity for home detention, despite not receiving any sanctions from a disciplinary hearing officer ("DHO"). *Id*. According to Petitioner, he was scheduled to arrive at his half-way house in Miami, Florida, on February 20. *Id*. Petitioner notes that he initiated the BOP administrative remedy process, but that process has not been fully resolved. *Id*. For his relief, Petitioner requests that the Court issue a temporary restraining order and/or preliminary injunction restoring his FSA credits and to direct the BOP to reinstate his eligibility for home detention. *Id*.

## APPLICABLE LAW

**Liberal Construction of *Pro Se* Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Habeas Corpus**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004).

A petitioner may bring a petition for a writ of habeas corpus under § 2241 if he is "attack[ing] the computation and execution of the sentence rather than the sentence itself." *U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *Diaz v. Warden, FCI Edgefield*, C/A No. 4:17-cv-00093-RBH, 2017 WL 2985974, at *2 (D.S.C. July 13, 2017) (noting a § 2241 petition "is the proper means for a federal prisoner to challenge the BOP's sentencing calculations"). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court." *Miller*, 871 F.2d at 490.

This Court is charged with screening the Petition filed in this case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**Requirements for a Preliminary Injunction/TRO**

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand

it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (citation and internal quotation marks omitted). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *United States v. South Carolina*, 720 F.3d 518, 524 (4th Cir. 2013) (citation and internal quotation marks omitted). Because granting a motion for preliminary injunctive relief "requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way[,] [t]he danger of a mistake in this setting is substantial." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (citation and internal quotation marks omitted). Accordingly, the decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

The current standard for granting preliminary injunctive relief is set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Under *Winter*, to obtain a preliminary injunction, the moving party must demonstrate: (1) he is likely to succeed on the merits, (2) he will suffer irreparable harm if the preliminary injunction is not granted, (3) the balance of equities favors him, and (4) the injunction is in the public interest. 555 U.S. at 20; *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Moreover, *Winter* requires that each preliminary injunction factor "be 'satisfied as articulated.'" *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013) (quoting *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated on other grounds, Citizens United v. FEC*, 558 U.S. 310 (2010), *aff'd, The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010). To succeed, Plaintiff must satisfy all four of these requirements. *Pashby*, 709 F.3d at 320–21. Therefore, the movant bears a heavy burden in seeking a preliminary injunction. *Id.* at 321.

The analysis for a motion for preliminary injunction and a request for TRO is the same. *Moore v. Kempthorne,* 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (recognizing that the standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction); *Luther v. Wells Fargo Bank*, C/A No. 4:11-cv-00057, 2012 WL 423753, at *1 n.1 (W.D. Va. Feb. 8, 2012).

## **DISCUSSION**

Petitioner brings this action to challenge the BOP's calculation of his sentence, and he asks this Court to award FSA credits and reinstate his eligibility for placement in a halfway house. Petitioner has filed a Motion for injunctive relief seeking restoration of this FSA credits and eligibility for home detention. ECF No. 2 at 1. Petitioner is not entitled to a TRO or preliminary injunction because he has not demonstrated that he is likely to succeed on the merits of his claims. Importantly, the Petition filed in this case is likely subject to dismissal because Petitioner has not exhausted his administrative remedies.

Petitioner is required to exhaust his administrative remedies within the BOP before submitting his § 2241 Petition in this case. Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice.") (citations omitted). The requirement of exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

"Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte." *Ali v. Roane*, C/A No. 5:22-cv-297, 2023 WL 415801, at *2 (N.D.W. Va. Jan. 5, 2023), *R&R adopted by* 2023 WL 415798 (N.D.W. Va. Jan. 25, 2023).

The BOP has a four-step administrative grievance process, including an informal resolution process. *See* 28 C.F.R. §§ 542.10 *et seq.*; BOP Program Statement 1330.18, Administrative Remedy Program. An inmate may complain about any aspect of his confinement by first seeking to resolve the matter informally at the institution by filing a Form BP-8. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden within twenty calendar days after the condition at issue arose by filing a Form BP-9. 28 C.F.R. § 542.14. The matter is investigated, and the inmate then receives a written response. *See id.* If dissatisfied with that response, the inmate may appeal to the Regional Director within twenty days by filing a Form BP-10. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the Central Office within thirty days by filing a Form BP-11. *Id.* An appeal to the Central Office is the final level of agency review. *Id.* Thus, a claim has not been administratively exhausted until it has been filed with the Central Office. *See id.* If, during this process, the inmate does not receive a response to his form in the allotted time frame, including any extensions, the inmate may consider his request denied and appeal to the next level. 28 C.F.R. § 542.18.

It is clear from the face of the Petition that Petitioner did not exhaust his administrative remedies. Petitioner contends he submitted a Form BP-8 to the case manager at FCI Edgefield on April 14, 2025. ECF No. 1 at 2. Petitioner also filed a Form BP-9 on April 15, 2025, and is

awaiting a response. *Id*. at 3. Although Petitioner began the administrative remedy process, he did not complete that process prior to filing the present action.

Because Petitioner did not exhaust his administrative remedies, the Petition is subject to dismissal for failure to exhaust. *See Wright v. Warden of Edgefield FCI*, C/A No. 8:21-cv-0388-JD-JDA, 2021 WL 2270011, at *4 (D.S.C. Mar. 31, 2021), *R&R adopted by* 2021 WL 2269960 (D.S.C. June 2, 2021) (dismissing petition brought under § 2241 because the petitioner did not exhaust his administrative remedies past the second level by filing a Form BP-10); *Barton v. Heckard*, C/A No. 5:23-HC-02256-M-RJ, 2024 WL 1937850, at *2 (E.D.N.C. May 2, 2024) (dismissing petition for failure to exhaust because "petitioner acknowledges that he submitted a BP-8 and a BP-9, but not a BP-10 or a BP-11"); *Pratt v. Adams*, C/A No. 3:20-cv-186, 2020 WL 7502488, at *3 (N.D.W. Va. Sept. 28, 2020) (dismissing case for failure to exhaust where "[t]he petition clearly states that Petitioner did not exhaust available administrative remedies"), *R&R adopted by* 2020 WL 7495599 (N.D.W. Va. Dec. 21, 2020); *Brown v. Warden of FCI Williamsburg*, C/A No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *1 (D.S.C. Mar. 25, 2019), *R&R adopted by* 2019 WL 1773382 (D.S.C. Apr. 23, 2019).

"[E]xhaustion of remedies within the BOP would allow Petitioner to build a record and give the BOP the opportunity to give a reasoned decision that Petitioner could then challenge in court, if necessary." *Roy v. FCI Bennettsville's Warden, Joseph*, C/A No. 2:23-cv-01778-MGL-MGB, 2023 WL 8194679, at *4 (D.S.C. Sept. 14, 2023), *R&R adopted by* 2023 WL 8189331 (D.S.C. Nov. 27, 2023). This is precisely the type of case which requires a fully developed administrative record so that the Court may properly evaluate the BOP's calculation of time to be credited to Petitioner's sentence under the FSA. *See Mero v. Phelps*, C/A No. 4:20-cv-3615-MGL-TER, 2020 WL 7774378, at *2 (D.S.C. Nov. 2, 2020) ("The BOP should be afforded the

opportunity to correct any alleged errors, to develop its factual record, and apply its expertise to the situation."), *R&R adopted by* 2020 WL 7769784 (D.S.C. Dec. 30, 2020).

Because the Petition is subject to dismissal for failure to exhaust, Petitioner cannot demonstrate that he is likely to succeed on the merits and his Motion for injunctive relief should be denied.[3] Moreover, in the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). Petitioner has not demonstrated exceptional and compelling circumstances to warrant preliminary injunctive relief.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Petitioner's Emergency Motion for Injunctive Relief be **DENIED**.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

May 6, 2025
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[3] Because the case is not yet in proper form, the undersigned does not recommend, at this time, that the district court dismiss the Petition for failure to exhaust.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).