

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| EDUARDO U. MARTINEZ,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN, FEDERAL PRISON CAMP EDGEFIELD,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 8:25-3537-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

Petitioner Eduardo U. Martinez (Martinez), a federal prisoner who is representing himself, filed this petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 against Respondent Warden, Federal Prison Camp Edgefield (Warden).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court deny Martinez's emergency motion for injunctive relief. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 6, 2025. The Clerk of Court docketed Martinez's objections on May 13, 2025. The Court has carefully reviewed the objections but holds them to be without merit. It will therefore enter judgment accordingly.

Martinez is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina (FCI Edgefield). Roughly two months ago, the Federal Bureau of Prisons (BOP) evidently approved Martinez's furlough to a halfway house in Miami, Florida. Martinez's family, however, made a mistake when booking his airline ticket, resulting in Martinez's return to FCI Edgefield.

Martinez asserts he was subsequently placed in the Special Housing Unit for twenty-three days without justification. Martinez further claims he lost his accumulated First Step Act credits and became ineligible for home detention, notwithstanding the absence of sanctions from a disciplinary hearing officer (DHO). Martinez thus filed his petition and this emergency motion. He asks the Court to issue a temporary restraining order and/or preliminary injunction and direct the BOP to reinstate his eligibility for home detention. It is clear from Martinez's petition he has failed to exhaust his administrative remedies.

Martinez first contends the Magistrate Judge erred in recommending his motion be denied for failure to exhaust. Martinez notes he filed a request for administrative remedy with Warden on April 15, 2025, but he has yet to receive a response. Martinez thus maintains he should be excused from exhaustion under 28 C.F.R. § 542.18.

As is relevant here, 28 C.F.R. § 542.18 grants Warden twenty calendar days within which to respond to any request for administrative remedy. Martinez aptly notes the twenty-day response

2

period has lapsed.  But, this provision provides "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  In other words, Warden's lack of response fails to excuse Martinez from his exhaustion obligation and instead allows him to proceed to the remaining steps of the BOP's administrative remedy program.  *See* 28 C.F.R. §§ 542.10–542.19 (establishing a four-step administrative remedy program).

Martinez implies exhaustion would be futile, cause irreparable harm, or prejudice his rights, thereby excusing his failure to exhaust.  But, Martinez has neglected to demonstrate either that an administrative remedy was unavailable or that exceptional circumstances justify his exemption from the BOP's administrative remedy program.  *See Ross v. Blake*, 578 U.S. 632, 642 (2016) ("An inmate . . . must exhaust available remedies[] but need not exhaust unavailable ones."); *Timms v. Johns*, 627 F.3d 525, 530–31 ("As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent,' courts 'require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief' [under 28 U.S.C. § 2241]." (emphasis omitted) (first quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939); and then quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008))).  Accordingly, the Court will overrule Martinez's first objection.

Martinez next asserts he "was never found guilty by a [DHO] and no sanctions were imposed" such that "[t]he BOP's removal of [First Step Act] credits and halfway house eligibility . . . violates due process protections under *Wolff v. McDonell*, 418 U.S. 539 (1974)."  Objections at 1 (emphasis added).  The Court, however, is unconvinced *Wolff* excuses Martinez's failure to exhaust.

The plaintiff in *Wolff* brought a 42 U.S.C. § 1983 (Section 1983) action challenging the practices, rules, and regulations of the state correctional facility in which he was confined. Before reaching the merits of the plaintiff's claims, the *Wolff* Court addressed the threshold issue of "whether under *Preiser v. Rodriguez*, 411 U.S. 475 (1973), . . . the validity of the procedures for depriving prisoners of good-time credits may be considered in a [Section 1983 action]." *Wolff*, 418 U.S. at 554. The Court noted the critical distinction is whether the prisoner's complaint seeks restoration of good-time credits, monetary damages, or both.

Where, as here, the complaint seeks only credit restoration, the prisoner's "sole federal remedy [is] by writ of habeas corpus . . . ." *Id.* (internal citation omitted) (citing *Preiser*, 411 U.S. at 500)). And, it is well established a prisoner seeking habeas relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies. *Boumediene*, 553 U.S. at 793. The Court will thus overrule Martinez's second objection, as well.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Martinez's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Martinez's emergency motion for injunctive relief is **DENIED**.

To the extent Martinez seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 27th day of May 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Martinez is hereby notified of his right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.